WO

SC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Shawn Franklin Reid,

                    Plaintiff,

v.

Centurion, et al.,

                    Defendants.

No.   CV 20-01893-PHX-JAT (JFM)

**ORDER**

Plaintiff Shawn Franklin Reid, who is confined in the Arizona State Prison Complex-Yuma, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 6).  The Court will dismiss the Complaint with leave to amend.

## I.    Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief

JDDL-K

against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

1
2

Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

3

**III.   Complaint**

4
5
6
7
8
9
10
11
12

In his five-count Complaint, Plaintiff alleges denial of constitutionally adequate medical care.   Plaintiff sues David Shinn, the Director of the Arizona Department of Corrections (ADC), Corrections Officer (CO) IV Roman, and an unknown Food Service Administrator.   He also sues "Centurion-Corizon,"[1] which Plaintiff identifies as the medical provider for ADC prisoners.   Plaintiff sues the following medical providers at the Yuma Complex: Carli Meyer, Director of Nursing; Dr. Karen Barcklay; Dr. Jordan; "medical practitioner" Clariss Nguella NaNa; Facility Health Administrators Lori Johnson and Brian Hofer[2]; Carrie Smalley, "Tele Meds"; and Head Nurse Marcel Meza.   Plaintiff seeks injunctive and compensatory relief.

13

In **Count I**, Plaintiff alleges the following:

14
15
16
17
18
19
20
21
22

At some point, Plaintiff was diagnosed with Hepatitis C (HCV).   On August 29, 2019, September 23, 2019, and July 21, 2020, "Defendants" ignored Plaintiff's documented liver disease by "wrongfully" prescribing Fluconazole, ibuprofen, and Tylenol despite Plaintiff's HCV.   Warnings for Fluconazole state not to prescribe to persons with liver conditions, but "the Medical Providers" ignored the warning, causing harm to Plaintiff.   Plaintiff's HCV is documented in his medical records and he contends that "staff" knew or should have known not to prescribe him Fluconazole.[3]   As his injury, Plaintiff alleges that his liver became more severely damaged, causing stage four liver disease and adversely affecting his health.

23

24
25
26

[1] Plaintiff also refers to this Defendant as "Corizon-Centurion." (Doc. 1 at 3.) Until June 30, 2019, ADC contracted with Corizon to provide medical care to ADC prisoners. Beginning July 1, 2019, ADC contracted with Centurion of Arizona, LLC, to provide medical care for ADC prisoners.

27
28

[2] Plaintiff describes Johnson as a Federal Health Administrator and Hofer as a Family Health Administrator with the Federal Health Administrator.  Apparently, both are Facility Health Administrators.

[3] Fluconazole is used primarily to prevent and treat fungal infections.

In **Count II**, Plaintiff alleges the following:

"Corizon-Centurion" medical providers, the non-party Cibola Warden, and Defendant Shinn "failed to be responsible for Policy 1101 inmate access to health care" and to provide inmate access to programs to ensure Plaintiff was transported to emergency health care appointments.[4]  "Defendants" failed to have Plaintiff taken for follow-up medical appointments at Desert Mirage Surgery Center, which were ordered on June 16, 2017 and received on July 5, 2017, for Plaintiff's prostate medical procedure. "Defendants" acted "in Deliberate Indifference" by "intentional" negligence and incompetent actions resulting in delaying Plaintiff being seen at medical appointments for seven months.  As his injury, Plaintiff alleges that he suffered several months of excruciating pain by being denied access to health care.

In **Count III**, Plaintiff alleges "Defendants" failed to comply with ADC customs and policies to provide prisoner access to medical care and thereby violated Plaintiff's due process and equal protection rights.  He contends Defendants continued a pattern of negligence and incompetence alleged in *Parsons v. Ryan*, No. 2:12cv00601-PHX-ROS, a prisoner class action concerning the provision of constitutionally adequate medical care. According to Plaintiff, Defendants Barcklay, Johnson, and Meza acted negligently and indifferently by failing to remove a catheter and failed to acknowledge emailed correspondence from non-party Dr. Ganesh Sivarajan, a urologist,[5] concerning removal of the catheter.  Plaintiff alleges that his Inmate Letters and Health Needs Requests (HNRs) were ignored.  As his injury, Plaintiff alleges untimely removal of the catheter caused severe pain and resulted in severe infection of his bladder, kidney, and liver.

In **Count IV**, Plaintiff alleges the "Medical Providers Corizon/Centurion" failed to perform any blood work before prescribing him Fluconazole and during administration of Fluconazole, which he asserts constituted deliberate indifference.  He alleges that

---

[4]  Plaintiff fails to allege facts to support that scheduled appointments were for emergency care.

[5]       *See*   https://azbomprod.azmd.gov/GLSuiteWeb/Clients/AZBOM/Public/ Profile.aspx, Search Ganesh Sivarajan (last accessed Feb. 19, 2021).

Centurion allowed its medical staff to over-medicate him with Fluconazole, which he alleges was highly toxic to his liver and claims they failed to perform blood work at all. As his injury, Plaintiff alleges that his liver was permanently damaged and caused him pain and psychological harm.

In **Count V**, Plaintiff alleges that Defendant Shinn and the non-party Yuma Warden "personally ignored and acted with deliberate indifference by ignoring Plaintiff's multiple grievances for adequate medical treatment," and by failing to ensure missed medical appointments were rescheduled. He alleges that his grievances were repeatedly delayed, and he was not provided adequate medical attention. Plaintiff alleges that unidentified "Prison Officials" knew of issues with his his medical care via Plaintiff's grievances concerning the failure to timely provide medical treatment. As his injury, Plaintiff alleges that he suffered further damage to his liver, pain, and depression.

## IV.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

1    Finally, although pro se pleadings are liberally construed, *Haines v. Kerner*, 404

2    U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of

3    action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal

4    interpretation of a civil rights complaint may not supply essential elements of the claim

5    that were not initially pleaded.  *Id.*

6    In each count, Plaintiff alleges that he was denied constitutionally adequate medical

7    care.[6]  Not every claim by a prisoner relating to inadequate medical treatment states a

8    violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show

9    (1) a "serious medical need" by demonstrating that failure to treat the condition could result

10   in further significant injury or the unnecessary and wanton infliction of pain and (2) the

11   defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

12   Cir. 2006).

13   "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

14   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both

15   know of and disregard an excessive risk to inmate health; "the official must both be aware

16   of facts from which the inference could be drawn that a substantial risk of serious harm

17   exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

18   Deliberate indifference in the medical context may be shown by a purposeful act or failure

19   to respond to a prisoner's pain or possible medical need and harm caused by the

20   indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a

21   prison official intentionally denies, delays, or interferes with medical treatment or by the

22   way prison doctors respond to the prisoner's medical needs.  *Estelle v. Gamble*, 429 U.S.

23   97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

24   Deliberate indifference is a higher standard than negligence or lack of ordinary due

25   care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross

26   negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F.

27   _____

28   [6]   A convicted prisoner's claims that he was denied constitutionally adequate medical care arise under the Eighth Amendment, not under the Due Process or Equal Protection Clauses.

Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### A.   Corizon and Centurion

Plaintiff sues Corizon and Centurion. Each is a private entity that contracted with ADC to provide medical care to ADC prisoners over different periods of time. To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff largely fails to allege when, where, and by whom he was denied constitutionally adequate medical care *or* facts to support that such denial was pursuant to a policy or custom of Corizon prior to June 30, 2019, or pursuant to a policy or custom of Centurion after June 30, 2019. Accordingly, Plaintiff fails to state a claim against Corizon or Centurion and they will be dismissed.

### B.   *Parsons*

To the extent that Plaintiff may be seeking relief based upon *Parsons*, he fails to

state a claim. Plaintiff may not enforce a settlement entered in *Parsons* in a separate civil rights action. *See Cagle v. Sutherland*, 334 F.3d 980, 986 (11th Cir. 2003); *Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996); *DeGidio v. Pung*, 920 F.2d 525, 534 (8th Cir. 1990); *Green v. McKaskle*, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders such as those entered in *Parsons* cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." *Green*, 788 F.3d at 1123-24. Rather, remedial decrees are the means by which unconstitutional conditions are corrected. *Id.* at 1123. Accordingly, Plaintiff's claims will be dismissed to the extent that he may be seeking relief pursuant to *Parsons*.

### C.     Negligence

Plaintiff in part asserts that Defendants acted negligently. As discussed above, mere negligence is not sufficient to state a claim under § 1983. Accordingly, to the extent that Plaintiff alleges only negligence, his allegations will be dismissed.

### D.     Unknown Food Service Administrator

Plaintiff sues an unknown Food Service Administrator. Plaintiff fails to allege any facts against this Defendant. Plaintiff does not allege where, when, or how this Defendant allegedly denied him constitutionally adequate medical care. Accordingly, this Defendant will be dismissed.

### E.     Shinn and Roman

Plaintiff sues ADC Director Shinn and ADC Case Manager Roman. Plaintiff alleges no facts against Roman and therefore fails to state a claim against Roman. Plaintiff alleges that Defendant Shinn "failed to be responsible for Policy 1101 inmate access to health care" and to provide inmate access to programs to ensure he was transported to emergency health care appointments. Plaintiff fails to allege facts to support that Shinn either violated Plaintiff's constitutional rights or knew but failed to act in response to violations of Plaintiff's constitutional rights, including when and how Shinn had such knowledge. Accordingly, Plaintiff also fails to state a claim against Shinn and he will be

dismissed.

**F.    Remaining Defendants**

Plaintiff sufficiently alleges that he has a serious medical condition, liver disease and HCV.  However, Plaintiff fails to specifically allege when, where, and how each of the remaining Defendants alleged violated his constitutional right to medical care for his conditions.  Instead, Plaintiff largely refers to "Defendants" without specifically alleging facts to support how each Defendant violated his constitutional rights.  To the extent that Plaintiff claims that he submitted grievances about alleged constitutional violations, Plaintiff fails to allege when and to whom he submitted his grievances and whether or how any particular Defendant responded to his grievances.  For these reasons, Plaintiff fails to sufficiently allege facts to support that any Defendant acted with deliberate indifference to his serious medical needs.  Accordingly, the Complaint will be dismissed for failure to state a claim.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of

Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.  He must provide specific facts regarding how *he* was personally injured by the alleged constitutional violations and omit any facts that pertain only to his former co-plaintiffs.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not sufficient to state a claim and will be dismissed**.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.   Warnings**

**A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this

action.

**C.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 1st day of March, 2021.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

<u>Phoenix & Prescott Divisions</u>:      **OR**      <u>Tucson Division</u>:
U.S. District Court Clerk                        U.S. District Court Clerk
U.S. Courthouse, Suite 130                   U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona   85003-2119            Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
    A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:   _____
> Address:_____
>              Attorney for Defendant(s)
>
> _____
> (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Plaintiff)

                    Plaintiff,

v.

(1) _____ ,

(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____

(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

Revised 3/11/16                                    1                                    **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed as: _____ at_____.
(Position and Title)                                              (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as: as: _____ at_____.
(Position and Title)                                              (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed as: _____ at_____.
(Position and Title)                                              (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed as: _____ at_____.
(Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?         ☐ Yes         ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail             ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                       ☐ Yes       ☐ No
    b.  Did you submit a request for administrative relief on Count II?          ☐ Yes       ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level? ☐ Yes       ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.  _____
        _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count III?          ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
          _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____

            DATE                                          SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.