WO                                                                                    SC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Franklin Reid, | No.  CV 20-01893-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Centurion, et al., | |
| Defendants. | |

Plaintiff Shawn Franklin Reid, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 6).  The Court granted the Application and dismissed the Complaint with leave to amend (Doc. 8).  Plaintiff has filed a First Amended Complaint (Doc. 10), which includes a memorandum.   In the memorandum, Plaintiff appears to seek reconsideration of the dismissal of his Complaint. As discussed below, the Court will deny the request for reconsideration and will dismiss the First Amended Complaint with leave to amend.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

JDDL-K

1 such relief.  28 U.S.C. § 1915A(b)(1)-(2).

2      A pleading must contain a "short and plain statement of the claim *showing* that the

3 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

4 not demand detailed factual allegations, "it demands more than an unadorned, the-

5 defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

6 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

7 conclusory statements, do not suffice."  *Id.*

8      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

9 claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

10 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

11 that allows the court to draw the reasonable inference that the defendant is liable for the

12 misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

13 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

14 experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

15 allegations may be consistent with a constitutional claim, a court must assess whether there

16 are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

17      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

18 must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

19 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent

20 standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

21 U.S. 89, 94 (2007) (per curiam)).

22      If the Court determines that a pleading could be cured by the allegation of other

23 facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

24 of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

25 Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

26 because it may possibly be amended to state a claim, the Court will dismiss it with leave

27 to amend.

28 . . . .

## II.    Request for Reconsideration

In Plaintiff's memorandum included with the First Amended Complaint, Plaintiff claims that he laid out specific facts supported by documentation, in the form of a "Summary" appended to the Complaint.[1]  In dismissing Plaintiff's medical claims asserted in the Complaint, the Court stated that:

> Plaintiff sufficiently alleges that he has a serious medical condition, liver disease and [hepatitis c virus, or HCV].  However, Plaintiff fails to specifically allege when, where, and how [Defendants Meyer, Barkley, Jordan, Nguella-nana, Johnson, Smalley, and Meza] allegedly violated his constitutional right to medical care for his conditions.  Instead, Plaintiff largely refers to "Defendants" without specifically alleging facts to support how each Defendant violated his constitutional rights.  To the extent that Plaintiff claims that he submitted grievances about alleged constitutional violations, Plaintiff fails to allege when and to whom he submitted his grievances and whether or how any particular Defendant responded to his grievances.  For these reasons, Plaintiff fails to sufficiently allege facts to support that any Defendant acted with deliberate indifference to his serious medical needs.

In the Summary submitted with the Complaint, Plaintiff stated the following:

In 2016, Plaintiff's medical condition became dire.  In June 2017, following the submission of numerous grievances, Health Needs Requests (HNRs), and requests to providers concerning bladder retention and kidney pain, Plaintiff was taken to an outside doctor.  The outside doctor diagnosed Plaintiff with a 1-centimeter urethral stricture, "approximately 8 French in caliber di[]lated up to 22 French"; Tailor prostrate hypertrophy with "coapting lateral lobes, a very small lobe; two to 3+ Traberculation within the bladder"; and "prostate dimensions of 47.4 MMX 25.6 MMX 43.5 MM for estimated prostatic volume of 27.6 MC."  (Doc. 1 at 10.)  At the Desert Mirage Center, Plaintiff's prostate was measured and a Foley catheter was placed; Dr. Ganesh Sivarajan prescribed a follow-up in two weeks.

Unidentified medical providers at ADC "refused" to follow the prescribed follow-

---

[1]  The Summary followed the signature page of the Complaint and Plaintiff did not refer to the Summary in the body of his Complaint.  No other documents were received with the Complaint.

up appointment.  Plaintiff developed an infection, with blood in his urine, and extreme penile pain.  According to Plaintiff, the "Defendants" failed to timely remove the catheter and comply with the outside doctor's instructions, resulting in Plaintiff suffering a severe infection, damage to his kidneys and bladder, and pain.  An unidentified medical provider at the prison prescribed Plaintiff antibiotics, which caused liver damage.  Plaintiff filed more grievances seeking medical care for his HCV, but unidentified providers failed to evaluate his condition and only prescribed more "toxic pain medications." (*Id.*)  According to Plaintiff, an unidentified "medical provider" refused to provide adequate HCV care from 2017 until June 2019.  Over that period, unidentified medical providers prescribed Plaintiff 90 ibuprofen 600 mg and 120 Tylenol 325 mg for pain.[2]  Plaintiff's "medical provider" refused to perform any required liver examination or blood work.  (*Id.* at 11.)  Following an examination sometime later, Plaintiff's liver was found to be severely damaged with elevated AST and ALT liver enzymes.  "The Defendants" continued to ignore his liver condition and, according to Plaintiff, acted with deliberate indifference to his health.

During the above period, Plaintiff's skin became irritated and Plaintiff submitted an HNR.  An unidentified "medical provider" diagnosed a fungus and prescribed Plaintiff fluconazole, a "highly toxic medication," for 30 days.  After taking it for six days, Plaintiff felt abnormal internal pain and discomfort.  In June 2020, Plaintiff received a medical follow-up, the results of which revealed cirrhosis--a much graver liver condition than Plaintiff's first CAT scan in 2017, when his liver had been "normal."  According to Plaintiff, unidentified "medical providers" failed to have "required" blood work performed before prescribing Plaintiff fluconazole, and he claims their failure to do so amounted to deliberate indifference.

Even if the additional allegations in Plaintiff's Summary are construed as part of the Complaint, Plaintiff failed to connect any allegedly constitutionally deficient medical care to any particular named Defendant.  He merely included additional facts to support that he

---

[2]  Plaintiff apparently refers to 90 and 125 tablets of ibuprofen and Tylenol, respectively.

had a serious medical condition, and that *unidentified* medical providers may have acted with deliberate indifference to his serious medical needs.  That is not sufficient to state a claim against any particular Defendant, where Plaintiff fails to identify which Defendant medical provider(s) were involved or approximately when and how each of the individual Defendant medical providers allegedly violated his constitutional rights.  Accordingly, even considering the allegations in the Summary, Plaintiff failed to state a claim in his Complaint.  Therefore, Plaintiff's request for reconsideration will be denied.

## III.   First Amended Complaint

In his three-count First Amended Complaint, Plaintiff alleges denial of constitutionally adequate medical care.  Plaintiff sues David Shinn, the Director of the Arizona Department of Corrections (ADC), and Corrections Officer (CO) IV Roman.  He also sues Corizon, a private entity, which until June 30, 2019, provided medical care for ADC prisoners under a contract with ADC; Centurion,[3] another private entity that, since July 1, 2019, has provided medical care to ADC prisoners under a contract with ADC; and the following individuals, who are or were employed by Corizon and/or Centurion at the Yuma Complex: Carli Meyer, Telemed Hepatitis C Chronic Care specialist; Carrie Smalley of Tele Meds[4]; Drs. Karen Barcklay and Jordan; Nurse Practitioner Clariss Nguella NaNa; Head Nurse Marcel Meza; and Facility Health Administrators (FHAs) Lori Johnson and Brian Hofer.[5]  Plaintiff also sues an unknown Food Service Administrator, hereafter "John Doe," who worked for vendor Trinity at the Yuma Complex.  Plaintiff seeks injunctive, compensatory, and punitive relief.  Plaintiff has submitted several documents in support of his First Amended Complaint, which are described below.

---

[3]  Until June 30, 2019, ADC contracted with Corizon to provide medical care to ADC prisoners.  Beginning July 1, 2019, ADC contracted with Centurion Centurion to provide medical care for ADC prisoners.

[4]  In a report submitted by Plaintiff, Smalley is identified as a physician.  (Doc. 10 at 18.)

[5]  Plaintiff again describes Hofer as a Family Health Administrator with the Federal Health Administration.  Although unclear, Hofer appears to be a Facility Health Administrator.

Plaintiff alleges the following in **Count I**:

"Corizon" was aware of Plaintiff's HCV in 2015, when Plaintiff entered ADC custody. Plaintiff did not receive treatment for his HCV until January 2020, when Plaintiff was found to have stage four liver disease, stage four fibrosis, stage three inflammation, stage two kidney disease, and AST and ALT levels above high normal levels[6] for these enzymes. Plaintiff also had "many other abnormal high labs." Plaintiff claims that the five-year delay in treating his HCV severely harmed him.

At some point during the above five-year period, Plaintiff was prescribed a "highly toxic drug" for an undiagnosed neck rash, specifically, fluconazole. According to Plaintiff, this drug is extremely detrimental to individuals with liver disease. Plaintiff was given multiple prescriptions of the drug by an *unidentified* person "knowing it was extremely harmful" to Plaintiff's underlying liver condition. At some point, staff, including Defendant Meza, realized the potential harm from taking fluconazole and canceled the prescription, but Plaintiff was already suffering life-threatening injury. As his injury, Plaintiff alleges he has liver and kidney disease, "severe prostate condition," urethral stricture, blood in his stool and urine, and suffers from constant urinary tract infections.

In **Count II**, Plaintiff alleges the following:

An *unidentified* Corizon medical provider diagnosed Plaintiff with obstructive urinary symptoms, gross hematuria, urethral stricture disease, obstructive prostate hypertrophy,[7] and tears to the bladder. On May 19, 2017, Plaintiff had surgery and a Foley catheter was placed, which the surgeon ordered removed in five days. An unidentified person sent an email to another unidentified person regarding this "strict protocol," i.e., catheter removal. The catheter was removed 14 days after its insertion, i.e., seven days later than ordered by the surgeon, after Plaintiff developed a debilitating infection and submitted many HNRs. According to Plaintiff, unidentified "medical staff" erred with

---

[6] Plaintiff alleges that he had levels "above high level ranges," but documents submitted by him reflect that his levels were "above high normal" range. (Doc. 10 at 19.)

[7] An enlarged prostate. *See* https://www.medicinenet.com/prostatic_hypertrophy_benign/definition.htm (last accessed Apr. 16, 2021).

respect to his aftercare and were negligent in following the surgeon's instructions regarding follow-up care.

At some point, Plaintiff was diagnosed with HCV and Corizon was aware of Plaintiff's HCV when he entered ADC custody in May 2015.  Plaintiff did not receive treatment for his HCV until January 2020, when he was determined to have stage four liver disease, stage four fibroids, stage three inflammation levels, and AST Levels and ALT Levels above the high range.  Plaintiff also has "many other" abnormally high labs.  According to Plaintiff, the five-year delay in treating his HCV has severely and critically harmed him.

At some point, Plaintiff was prescribed fluconazole, a highly toxic drug, for a rash on his neck.  Fluconazole is "extremely detrimental" to persons with HCV and liver disease and can cause serious side-effects.  Despite being contraindicated by his liver condition, he was given multiple prescriptions of the drug.  Staff, including Head Nurse Meza, recognized the risk of prescribing fluconazole to Plaintiff and Meza canceled the prescription.  However, by that time, Plaintiff was already experiencing life-threatening side-effects.

In **Count III**, Plaintiff alleges that the egregious acts and omissions of ADC staff, Corizon, and Centurion, and their staff, resulted in a deterioration of Plaintiff's medical condition.  He alleges that "Defendants" deprived him of the standard of care outlined in "#1103," apparently referring to Department Order (DO) 1103.[8]  He further alleges "Defendants" deprived him of scheduled medical appointments and transportation to such appointments and denied him prescribed follow-up care contrary to his surgeon's instructions.  Plaintiff alleges that he was not provided responses to medical grievances submitted to CO IV Roman and that dates were "actually changed . . . to coincide with their agenda."  Plaintiff alleges Defendants' acts violated his due process rights.  As his injury, Plaintiff alleges that he was forced to suffer years of pain, severe health problems, and

---

[8]   DO 1103 concerns mental health care, treatment, and programs.  *See* https://corrections.az.gov/sites/default/files/policies/1100/1103_032519.pdf (last accessed May 4, 2021).

organ deterioration and associated damage.

Plaintiff has included the following documents with his First Amended Complaint:

- An April 14, 2017 Inmate Letter in which Plaintiff reported: having been on the verge of renal failure following the removal of his catheter the previous day; being in constant nearly unbearable pain despite taking strong antibiotics; a treating outside urologist had ordered Plaintiff's return seven days after he last saw the urologist on March 29, 2017; and the late removal of the catheter had resulted in a debilitating infection.  (Doc. 10 at 17.)

- An April 16, 2017 Inmate Letter, in which Plaintiff reported: the catheter inserted by a urologist on March 29, 2017, which the urologist had ordered removed after seven days, had not been removed until April 10, 2017, five days late, by the Cibola Unit medical staff; and four days later, Cibola Unit medical staff reinserted the catheter, during which Plaintiff was injured and thereafter had bloody urine in the Foley bag.  Plaintiff complained that the urologist had "demanded" he return in seven days, but Plaintiff never returned to the urologist.  (Doc. 10 at 16.)

- A partial May 19, 2017 Procedure Note prepared by Dr. Ganesh Sivarajan of the Desert Mirage Surgery Center reporting that he had performed a cystoscopy with dilation of urethral stricture and transrectal ultrasound prop of the prostate and providing a postoperative diagnosis of: (1) obstructive lower urinary tract symptoms including weak stream, incomplete emptying, urinary retention[9]; (2) gross hematuria; (3) urethral stricture disease; and (4) obstructive prostatic hypertrophy.  (Doc. 10 at 14-15.)  In the final paragraph of the report, Dr. Sivarajan stated:

> We will increase his Flomax to b.i.d. dosing.[10]  If he is able to void, he can be discharged without a catheter, but if he cannot, a

---

[9]  Urinary retention can be acute or chronic.  Acute urinary retention results in an inability to urinate, can result in great pain, and can be life-threatening, requiring immediate emergency treatment.  Chronic urinary retention does not result in the inability to urinate but can result in urinary incontinence or urinary infection.  Urinary retention can be caused by obstruction of the urethra, nerve problems, medications, or weakened bladder muscles.  *See* https://vsearch.nlm.nih.gov/vivisimo/cgi-bin/query-meta?v%3Aproject= medlineplus&v%3Asources=medlineplus-bundle&query=urethral+stricture&_ga=2. 240342987.951964074.1618614736-1371170323.1609876564, Search urethral stricture, Click on Urinary Retention, *National Institutes of Diabetes and Digestive and Kidney Diseases*, /DC%20work/UrinaryRetention_508.pdf (last visited May 4, 2021).

[10]  "B.i.d." stands for "bis in die," or twice a day.  *See* https://www.medicinenet.com/bid_on_prescription/definition.htm#:~:text=Reviewed%20 on%203%2F29%2F2021,capital%20letters%20as%20%22BID%22 (last accessed May 4, 2021).

Foley catheter will be placed.  He will follow up with me in a *couple of weeks* in the office so we can assess his voiding status. If he is now emptying well the stricture disease was the presumed cause of his obstruction and we can monitor his BPH on b.i.d. Flomax.  If he cannot tolerate the Flomax, or if he has persistent issues without incomplete emptying, and weak stream, and urinary retention, we will have to discuss a procedure on his prostate.

(*Id.* at 15) (emphasis added).

- A July 2, 2019 Lab Test Order/Procedure (fibrotest/Actitest) ordered by Nurse Practitioner Nguelia-nana, and reporting Plaintiff's ALT level and his Alpha-2-Macroglobulin were "Above High Normal" and severe fibrosis.[11] (Doc. 10 at 19.)

- A September 12, 2019 report from South County Diagnostic Services ordered by Defendant Smalley as part of Plaintiff's HCV surveillance.  Dr. Peter Mernalakis reported: "Impression: 1. Cirrhosis without focal hepatic mass.   2. Nonobstructing left renal calculus.   No left or right hydronephrosis."[12] (Doc. 10 at 19.)

- A November 26, 2019 Inmate Informal Complaint Resolution in which Plaintiff stated that he held Defendants Meyers, Nguelia-nana, Barklay, Hofer, and Smalley responsible for prescribing him Tylenol, ibuprofen, and fluconazole at "exceedingly high" dosages that caused a spike in his Apri scores, liver inflammation, and severe pain and side-effects and requesting that all medications be checked regarding dangers they posed to persons with HCV.  (Doc. 10 at 20.)

## IV.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

---

[11]   Fibrosis is the abnormally large amount of scar tissue in the liver.  Although fibrosis does not itself cause symptoms, severe scarring can result in cirrhosis, which can cause symptoms.   *See* https://www.merckmanuals.com/home/liver-and-gallbladder-disorders/fibrosis-and-cirrhosis-of-the-liver/fibrosis-of-the-liver#:~:text=Fibrosis%20is%20the%20formation%20of,cirrhosis%2C%20which%20can%20cause%20symptoms   (last accessed May 4, 2021).

[12]   "Hydronephrosis is the swelling of a kidney due to a build-up of urine.  It happens when urine cannot drain out from the kidney to the bladder from a blockage or obstruction. Hydronephrosis can occur in one or both kidneys."  *See* https://www.kidney.org/atoz/content/hydronephrosis#:~:text=Hydronephrosis%20is%20the%20swelling%20of,and%20fluid%20from%20the%20body (last accessed May 4, 2021).

(2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Finally, although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded.  *Id.*

### A.    Medical Care

In each count, Plaintiff alleges that he was denied constitutionally adequate medical care.  Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference."  *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs."  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

Plaintiff sufficiently alleges that he has or had a serious medical condition.  However, Plaintiff fails to allege facts to support that Defendants have acted with deliberate indifference to that condition, as discussed below.

### 1.      Individual Defendants

Plaintiff sues several individual Defendants.  Plaintiff fails to allege facts to support

that Roman or Doe had any involvement in the medical care that Plaintiff received.[13] Plaintiff has likewise failed to allege any facts against Director Shinn, and, as noted above, this Defendant cannot be held liable under § 1983 based on a theory of respondeat superior. Plaintiff also fails to allege facts to support that Johnson, Hofer, Smalley, Meyer, Nguella-nana, and Meza in any way acted with deliberate indifference to his serious medical needs, including when and how.  And while two documents submitted by Plaintiff reflect that Smalley and Nguella-nana ordered laboratory tests; that, absent more, does not rise to the level of deliberate indifference.  Plaintiff merely alleges that Meza discontinued a medication that Plaintiff alleges injured him.  Stopping a harmful medication, absent more, does not constitute deliberate indifference.  For the reasons discussed, Plaintiff fails to state a claim against these Defendants, and they will be dismissed.

### 2.    Corizon and Centurion

Plaintiff again sues Corizon and Centurion.  Each is a private entity that contracted with ADC to provide medical care to ADC prisoners over different periods of time.  To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam).  A plaintiff must allege the specific policy or custom and how it violated his constitutional rights.  A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights.  *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff has not alleged that either Corizon or Centurion had a policy or custom that

---

[13]  Plaintiff alleges that he submitted a grievance regarding medical care to Roman, a prison officer.  Department Order (DO) 802.05.2 provides that a CO IV shall forward a formal grievance to the Contract Director of Nursing to address.  Plaintiff does not allege that Roman failed to forward Plaintiff's formal grievance to the Contract Director of Nursing, or that Roman otherwise had any role in the medical care allegedly denied Plaintiff.

resulted in the denial of constitutionally adequate medical care.  To the extent that Plaintiff asserts that current or former employees of Corizon and/or Centurion acted with deliberate indifference to his serious medical needs, he cannot state a claim against either entity on this basis because, as explained above, neither Corizon, nor Centurion, can be held liable under § 1983 based on respondeat superior.  Accordingly, Plaintiff fails to state a claim against Corizon or Centurion and they will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

. . . .

. . . .

## V.   Warnings

### A.   Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 12th day of May, 2021.

James A. Teilborg
Senior United States District Judge

## Instructions for a Prisoner Filing a Civil Rights Complaint
## in the United States District Court for the District of Arizona

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

1

Phoenix & Prescott Divisions:           **OR**           Tucson Division:
U.S. District Court Clerk                                U.S. District Court Clerk
U.S. Courthouse, Suite 130                              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                      405 West Congress Street
Phoenix, Arizona   85003-2119                           Tucson, Arizona   85701-5010

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____

          Attorney for Defendant(s)

_____
(Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.   <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.   <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.   <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.   <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.   <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as: _____ at_____.
(Position and Title)                                                      (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as: as: _____ at_____.
(Position and Title)                                                      (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as: _____ at_____.
(Position and Title)                                                      (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as: _____ at_____.
(Position and Title)                                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                _____.

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                _____.

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?        ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
   _____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                         ☐ Yes      ☐ No
      b.    Did you submit a request for administrative relief on Count II?            ☐ Yes      ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
            did not.   _____
            _____.

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                              DATE                                                            SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.