WO                                                                                               MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Franklin Reid, | No. CV 20-01893-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Centurion, et al., | |
| Defendants. | |

Plaintiff Shawn Franklin Reid, who is confined in the Arizona State Prison Complex-Yuma, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendants Corizon and Jordan have filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and (c) based on statute of limitations grounds. (Docs. 19, 36.) Plaintiff was informed of his rights and obligations to respond to the Motions (Docs. 21, 38), and he opposes the Motions (Docs. 22, 39).

The Court will deny the Motions to Dismiss.

**I.     Background**

Plaintiff alleges the following in his Second Amended Complaint. (Doc. 13.) The Arizona Department of Corrections (ADC) and Corizon followed the federal Bureau of Prisons Clinical Guidance Manual for the Evaluation and Management of Chronic Hepatitis C Infection; Corizon also followed the ADC's guidelines set out in its Clinical Practice Guidelines for the Prevention and Treatment for Viral Hepatitis C (2017).[1] (*Id*. at

---

[1] Corizon is a private entity that contracted with ADC to provide medical care for

7-8.) When Plaintiff entered ADC custody in May 2015, medical personnel determined that Plaintiff had viral Hepatitis C (HCV). (*Id*. at 9.) From May 2015 to March 2020, Plaintiff had HCV blood testing and monitoring every six months. (*Id*. at 10.) On May 6, 2015, Plaintiff's AST level was 53 (normal levels are between 7 and 45) and his ALT level was 88 (normal levels are between 15 and 40). (*Id*.) On July 8, 2016, Plaintiff's AST level was 51 and ALT was 98. (*Id*.) Plaintiff's iron levels were also very high. (*Id*. at 11.) Beginning in May 2016, Defendant providers Barcklay, Jordan, Smalley, and Nguella-Nana prescribed Ibuprofen and Tylenol for Plaintiff, even though those medications were contraindicated by Plaintiff's HCV. (*Id*. at 12.) In 2017, Plaintiff filed grievances requesting treatment for his HCV, but his requests were denied by Defendants Corizon, Jordan, Smalley and Barcklay.[2] (*Id*. at 11-12.) In 2017, a CT liver scan showed Plaintiff's liver was normal. (*Id*. at 14.)

In April 2019, Plaintiff was prescribed Fluconazole for skin rashes even though at least four studies reported severe adverse effects on persons with HCV while taking Fluconazole. (*Id*.) A May 23, 2019 test showed Plaintiff had AST and ALT levels of 196 and 263, respectively, which indicated Plaintiff was near liver failure. (*Id*. at 13.) Following these test results, Plaintiff filed a grievance about the "maltreatment and injury" he suffered; because of the grievance, "all medications injurious to Plaintiff were discontinued." (*Id*.) In January 2020, Plaintiff was diagnosed with severe liver damage and stage 4 liver disease; in March 2020, he began to receive HCV treatment. (*Id*. at 13.) Because Plaintiff's 2017 CT scan showed his liver was normal, Plaintiff ascribed the damage to his liver to Defendants' refusal to treat his HCV until 2020 and prescribing medications that were contraindicated. (*Id*. at 14-15.)

On screening pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims in Count One against Defendants Corizon, Dr. Karen Barcklay, Dr. Elijah Jordan, HCV Treatment Specialist Carrier Smalley, and

ADC prisoners from 2013 to 2019. (Doc. 13 at 6.)

[2] Corizon is private entity that provided medical care for Arizona Department of Correction (ADC) prisoners under a contract with ADC until June 30, 2019.

Nurse Practitioner Clariss Nguella-Nana and in Count Two against Defendants Barcklay, Jordan, Smalley, and Nguella-Nana and directed them to answer the claims. (Doc. 14.) The Court dismissed the remaining claims and Defendants. (*Id.*)

Defendants Corizon and Jordan move to dismiss the claims against them on the basis that they are barred by the statute of limitations.

**II.    Legal Standards**

    **A.    Federal Rule of Civil Procedure 12(b)(6) and (c)**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, any party may move for judgment on the pleadings. For the purposes of a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that contradict those of the nonmoving party are assumed to be false. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). A motion for judgment on the pleadings may be granted only if, "taking all the allegations in the [nonmoving party's] pleading as true, the moving party is entitled to judgment as a matter of law." *McSherry v. City of Long Beach*, 423 F.3d 1015, 1021 (9th Cir. 2005) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). A Rule 12(c) motion is a vehicle for summary adjudication, but the standard is "functionally identical" to the standard governing a Rule 12(b)(6) motion. *Caffaso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 n.4 (9th Cir. 2011).

. . . .

### B. Statute of Limitations

Section 1983 does not include its own statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Federal courts apply the statute of limitations governing personal injury claims in the forum state. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). In Arizona, the limitations period for personal injury claims is two years. *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986); *see* Ariz. Rev. Stat. § 12-542.

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers*, 174 F.3d at 991. Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted). The Court must apply any state rule for tolling to actions brought under § 1983. *Hardin v. Straub*, 490 U.S. 536, 544 (1989); *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000); *TwoRivers*, 174 F.3d at 992. In prisoner § 1983 cases, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005).

### III. Motions to Dismiss

### A. Parties' Arguments

Defendant Corizon argues that Plaintiff's claims against it regarding the lack of treatment for HCV and prescribing contraindicated medications are barred by the statute of limitations because Plaintiff had notice of his injury by May 6, 2015 as evidenced by his rising AST, ALT, and iron levels, but Plaintiff did not file this action until June 14, 2021. (Doc. 19 at 3.) Corizon argues that even considering subsequent dates cited by Plaintiff for rising levels—July 8, 2016, April 2017, or even May 23, 2019—as the date of Plaintiff's injury, the Complaint was still untimely because it was filed on June 14, 2021—outside the statute of limitations.[3] (*Id.* at 3-4.)

---

[3] Plaintiff actually filed his Second Amended Complaint on June 10, 2021, which is

- 4 -

Plaintiff responds that his claims in the Second Amended Complaint relate back to the original Complaint filed on September 21, 2020 and are timely pursuant to Federal Rule of Civil Procedure 15(c)(1). (Doc. 22 at 5.) As to the discovery of his injury, Plaintiff asserts that he was consistently advised by Defendants that his blood levels "were not abnormal and were nothing to be concerned about." (*Id*. at 6.) Because Plaintiff is not a trained medical professional, he trusted the advice of Defendants. (*Id*.) Plaintiff argues that the date of discovery of his injury is either June or July 2019, and the statute of limitations expired in June 2021. (*Id*. at 9.) Plaintiff argues that both Motions to Dismiss fail because the original Complaint was filed well within the statute of limitations, and the Second Amended Complaint was also timely "given the necessary grace period for Plaintiff to actually learn of the injury and exhaust administrative remedies as required by law." (Doc. 39 at 4-5.)

Defendant Jordan argues that in addition to Corizon's arguments, Plaintiff's allegations against him in the Second Amended Complaint do not relate back to the original Complaint because, although Plaintiff named him as a Defendant, Plaintiff did not allege any specific actions by Dr. Jordan in the original and First Amended Complaint. (Doc. 36 at 3.) Dr. Jordan argues that because he was not served until Plaintiff stated a claim against him in the Second Amended Complaint, he did not have notice of any allegations against him until then, which was after the statute of limitations had run. (*Id*.)

### B. Discussion

The Court need not reach the issue of whether Plaintiff's Second Amended Complaint relates back to his original or First Amended Complaint. That is because Plaintiff's Second Amended Complaint was timely filed based on when he knew of his injury.

---

when he dated his Complaint. (Doc. 13 at 21.) *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (under the prison mailbox rule, a document submitted by a prisoner is deemed to be filed the day the document is signed and delivered to prison authorities for mailing to the Court); *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (applying prison mailbox rule to prisoners representing themselves in civil rights litigation).

- 5 -

Although Plaintiff was aware he had HCV by May 2015 and he requested treatment for HCV in 2017, he also alleges that a CT scan of his liver in 2017 was normal. The Second Amended Complaint supports that he was not aware of the severe liver damage until around May 23, 2019 at the earliest when tests showed Plaintiff's AST and ALT levels were near liver failure. After that, Plaintiff's medications were discontinued. If Plaintiff had been aware before May 23, 2019 that the prescribed medications were damaging his liver, it is reasonable to infer he would not have taken the medications. The more reasonable date for when Plaintiff knew of his injury is January 2020, when he was diagnosed with severe liver damage and stage 4 liver disease and began to receive HCV treatment. The Court need not rely on the additional facts Plaintiff asserts in his Responses to reach this conclusion. Plaintiff alleges in his Second Amended Complaint that Corizon followed ADC's and the BOP's guidelines for the treatment of HCV, and construing the Second Amended Complaint liberally, it is reasonable to infer that Plaintiff believed those guidelines were protective of his health, despite elevated AST and ALT levels, and in light of a normal liver CT, until he was diagnosed in January 2020 with stage 4 liver disease.

Even using May 23, 2019 as the date Plaintiff knew of his injury, neither Corizon nor Dr. Jordan address the time for tolling for the mandatory exhaustion of administrative remedies. According to ADC's Department Order 802, the maximum length of time for completion of the grievance process is 120 calendar days.[4] If Plaintiff had started the grievance process on May 23, 2019, it would not be complete until September 20, 2019. Based on that date, Plaintiff's Second Amended Complaint would not have to be filed until September 20, 2021 to be timely. Because Plaintiff filed his Second Amended Complaint

---

[4] *See* ADC Department Order 802, Inmate Grievance Procedure, § 1.11, *available at* https://corrections.az.gov/sites/default/files/policies/800/0802.pdf (last visited Jan. 12, 2022.) As a public record, the Court may take judicial notice of Department Order 802. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also* Fed. R. Civ. P. 201(b)(2) (a court may take judicial notice of a "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy may not be reasonably questioned")

before that—on June 10, 2021—it was timely filed, and the Court will deny Defendants Corizon and Jordan's Motions to Dismiss.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Defendant Corizon's Motion to Dismiss (Doc. 19) and Defendant Jordan's Motion to Dismiss (Doc. 36), and the Motions are **denied**.

Dated this 18th day of January, 2022.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge