WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Franklin Reid,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Centurion, et al.,<br><br>　　　　　Defendants. | No. CV-20-01893-PHX-JAT (JFM)<br><br>**ORDER** |

On March 2, 2023, the Court issued the following Order:

> Defendant Corizon Health, Inc. has filed a Suggestion of Bankruptcy and Notice of Automatic Stay under 11 U.S.C. § 362(a) (Doc. 106). Defendants in this action are Corizon LLC, Dr. Barkley, Dr. Jordan, Nurse Claris Nguella-Nana (referred to by her counsel as Clarisse Ngueha, NP), and Nurse Practitioner Smalley (Doc. 103). While the automatic stay under Section 362 of the Bankruptcy Code is automatic as to Corizon, it is not clear this stay automatically extends to stay Plaintiff's claims against the remaining defendants. The Ninth Circuit has stated:
>> As a general rule, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."
>
> *In re Chugach Forest Prods., Inc.,* 23 F.3d 241, 246 (9th Cir. 1994) (quoting *In re Advanced Ribbons & Office Prods.,* 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)). Further, the Court "does not have the jurisdiction to extend the stay to a non-debtor party." *Placido v. Prudential Ins. Co. of Am.,* 2010 WL 334744, at *1 (N.D. Cal. Jan. 21, 2010) ("In order to apply the automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction.") (citing *Boucher v. Shaw,* 572 F.3d 1087, 1093 (9th Cir. 2009)). A party seeking to extend the stay to co-defendants or others must affirmatively seek an order from the bankruptcy court. *Totten v. Kellogg Brown & Root, LLC,*

152 F. Supp. 3d 1243, 1268 (C.D. Cal. 2016).[1]

The Court will therefore direct each party to file a response reflecting their positions on the effect of the automatic bankruptcy stay as to the remainder of this action, including resolution of the pending motion for summary judgment.[2]

**IT IS THEREFORE ORDERED** no later than March 10, 2023 each party must file a response as directed herein.

**IT IS FURTHER ORDERED** that Defendants Elijah Jordan, MD, Karen Barcklay, MD, Carrie Smalley, NP, and Clarisse Ngueha, NP's motion for extension of time (Doc. 109) to file a reply in support of their motion for summary judgment is granted to the extent that the reply is due by March 27, 2023. (The reference to the Magistrate Judge is withdrawn as to Doc. 109 only).

(Doc. 110) (footnotes in original).

On March 27, 2023, Counsel for Defendants Corizon Health, Inc., Elijah Jordan, MD, Karen Barcklay, MD, Carrie Smalley, NP, and Clarisse Ngueha, NP filed a motion for extension of time that included the following:

> Corizon's bankruptcy counsel filed briefings in the United States Bankruptcy Court in the Southern District of Texas, Houston Division (the "Bankruptcy Court") on February 17, 2023, requesting an extension of the automatic stay to cover pending and open litigation against non-debtor defendants, including individual providers such as the non-debtor Defendants herein. [citation omitted]. Bankruptcy counsel has not yet filed a Motion to Extend the Stay as to Defendants herein, but intends to do so.

(Doc. 113 at 2).

On March 29, 2023, notwithstanding the March 2, 2023 Order of this Court, Defendants moved this Court to extend the automatic stay to Corizon's co-defendants. (Doc. 115). This Court denied co-defendants motion to extend the stay. (Doc. 116). Specifically, this Court stated:

> Each party was directed to file a response reflecting its position on Corizon's Suggestion of Bankruptcy and Notice of Automatic Stay under 11

---

[1] The acts prohibited by the stay do not include: (a) a continuance, extension or stay of a non-bankruptcy proceeding; or (b) a status hearing in such proceeding to ascertain if the automatic stay still applies. *In re Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001); *In re Perryman*, 631 B.R. 899, 903 (B.A.P. 9th Cir. 2021).

[2] Ultimately, however, Plaintiff is required to prosecute this case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) (stay did not preclude dismissal of case against debtor based on plaintiff's failure to prosecute). To that end, Plaintiff generally must either dismiss his claim against Defendant Corizon and pursue that claim in bankruptcy court or file a motion in the bankruptcy court to lift the automatic stay to permit his claim against Corizon to proceed in this Court. Plaintiff's response should indicate his intended course of action. The Court notes, however, that it is not inclined to grant an indefinite stay of Plaintiff's claim against Corizon.

U.S.C. § 362(a) (Doc. 110). Defendants Dr. Barkley, Dr. Jordan, Nurse Claris Nguella-Nana (referred to by her counsel as Clarisse Ngueha, NP), and Nurse Practitioner Smalley's response was filed on March 29, 2023 (Doc. 115).

Non-Corizon Defendants Jordan, Barkley, Smalley, and Ngueha maintained this action should be stayed "to protect co-defendants holding an indemnity right against the Debtor, while the debtor formulates and consummates a plan of liquidation." (Doc. 115 at 3, citing Ex. A at ¶ 3). They also argued "any claim or final resolution against Defendants herein may result in indemnification liability for [Corizon] and indemnification claims asserted against [Corizon] in the Bankruptcy Case." (Doc. 115 at 3-4.) In support of this position, non-Corizon Defendants cited a specific paragraph of a Corizon motion in the bankruptcy court. The cited paragraph, however, does not appear to apply to the individual Defendants. (Doc. 115, Ex. A). Instead, the motion appears to be referencing only those "non-debtors" where there is a formal indemnification obligation. There is no argument or evidence of a formal obligation regarding Jordan, Barkley, Smalley, or Ngueha.

Moreover, as previously explained, this Court lacks jurisdiction to extend the automatic stay to non-debtor co-defendants. *Placido v. Prudential Ins. Co. of Am.*, 2010 WL 334744, at *1 (N.D. Cal. Jan. 21, 2010) ("In order to apply the automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction.") And finally, it is not clear whether extension of the automatic stay would resolve the non-Corizon Defendants' liability or whether the stay would merely resolve Corizon's indemnification liability for non-Corizon Defendants without addressing the merits of the claims against the non-Corizon Defendants. Corizon must address these issues.

Corizon indicates a ruling on the pending stay motion is expected on May 17, 2023. The Non-Corizon Defendants indicate an additional motion to stay is expected to be filed addressing them in this matter. But there is no indication that motion has been filed or that the bankruptcy court will allow an additional motion. Defendants Jordan, Barkley, Smalley, and Ngueha must file a further status report addressing these issues no later than April 28, 2023.

(Doc. 116).

Defendants filed the required status report. In the status report, Defendants stated:

On April 20, 2023, the Court ordered Defendants herein to file a status report and requested that they address certain issues. First, Defendants herein understand that this Court does not have jurisdiction to extend the automatic stay to them. Defendants filed their Response to explain why they believe the stay will also apply to Defendants, but that it will be determined by the bankruptcy court. Bankruptcy counsel intends to file a motion with the bankruptcy court to extend the stay to Defendants herein, as previously indicated. Defendants will then inform this Court of any briefing and ruling regarding the same. Regarding whether the stay will resolve liability, bankruptcy counsel seeks to extend the stay to Defendants herein to protect them due to their indemnity rights while the bankruptcy proceedings as to Corizon are resolved. Defendants will provide further clarification on this issue as the bankruptcy matter and its applicability to Defendants continues. Second, **bankruptcy counsel intends to file the relevant Motion to Extend the Stay as to Defendants herein this week, or early next week.** There is no indication that such a Motion will be disallowed by the Court.

(Doc. 118) (emphasis added).

After their filing at Doc. 118 on April 28, 2023, the non-debtor Defendants never mentioned the stay again. Instead, they resumed defending this case and filed their reply in support of their motion for summary judgment on May 22, 2023. To reiterate, in that reply, they do not mention a "stay" or "bankruptcy".

On August 7, 2023, this Court proceeded to rule on the Motion for Summary Judgment as to all Defendants except Corizon. (Doc. 125). The Court denied summary judgment as to some claims and ordered Plaintiff and Defendants Barcklay, Jordan, Ngueha, and Smalley to attend a settlement conference. (*Id.*).

Defendants Barcklay, Jordan, Ngueha, and Smalley have now moved to vacate the settlement conference. (Doc. 128). The motion to vacate is, in essence, seeking reconsideration of all of this Court's prior orders holding that this case is not stayed as to the non-debtor Defendants. Specifically, the motion to vacate states:

> Defendants believe a settlement conference would be futile in this matter, pursuant to Fed. R. Civ. P. Rule 1. While undersigned counsel is available on September 5, 2023, a representative having settlement authority for Defendants is not available on the date set by the Court. As detailed in Defendants' Response to Defendant Corizon Health, Inc.'s Suggestion of Bankruptcy and Notice of Automatic Stay, at the time of Plaintiff's allegations, Defendants herein were employees of Corizon Health, Inc. [Dkt. 115]. Although Corizon is no longer a party, Defendants' herein have been defended and indemnified by Corizon, including maintaining responsibility for not only defense costs, but also any potential settlement costs. However, Corizon filed for bankruptcy on February 13, 2023 and is currently in bankruptcy proceedings. *Id.* Due to Corizon's pending bankruptcy, a Corizon representative cannot appear with settlement authority for Defendants.
> Moreover, undersigned counsel has conferred with bankruptcy counsel regarding how the bankruptcy proceedings will affect this case and potential settlement. Bankruptcy counsel has indicated that this matter will be subject to a bankruptcy plan, which is still being negotiated in mediation. [footnote omitted] Thus, Defendants herein cannot engage in any type of negotiation or settlement at this point and will not deviate from that position.

(Doc. 128).

At this point, the Court cannot emphasize enough defense counsel's gross misunderstanding of the status of this case. There is NO STAY as to the non-debtor Defendants. Thus, those Defendants must proceed, personally, in this case. To spell it out, the Court will highlight each sentence of the filing at Doc. 128 that is wrong.

First, regarding a representative with settlement authority, each of Barcklay, Jordan, Ngueha, and Smalley, as an individual, is going to have to defend and, in their discretion, settle, this case. Corizon's bankruptcy trustee may ultimately try to indemnify these individual Defendants (subject to approval of the Bankruptcy Court), but that future decision has no bearing on this case proceeding forward at this time. As necessary, Barcklay, Jordan, Ngueha, and Smalley will have to retain their own counsel or proceed pro se to resolve this case.

Second, with respect to the statement that Corizon is no longer a party, that is not true. Corizon remains a defendant, but the case is stayed (subject to the Court's direction to Plaintiff in the August 7, 2023 Order) as to Corizon only.

Third, behind the scenes it may be true that Corizon has continued to defend and indemnify Defendants Barcklay, Jordan, Ngueha, and Smalley. Whether this continues to be true is an issue for the Bankruptcy Court, not this Court. But as already stated herein, these non-debtor Defendants must proceed forward at this time regardless of Corizon's behind the scenes participation.

Fourth, Bankruptcy counsel has suggested that **this case** will be subject to a bankruptcy plan which is **currently** being negotiated. The Court seriously doubts Plaintiff in this case is participating in negotiating a bankruptcy plan that will resolve this case. But even if he is, that will resolve the case as to Corizon only, not the remaining four individual Defendants. Moreover, while the following is an issue for the Bankruptcy Court, this Court is skeptical that the Bankruptcy Court will ultimately approve Corizon voluntarily indemnifying former employees to the detriment of its other creditors. Thus, in the end, the bankruptcy plan may have no bearing on this case as to the four individual Defendants.

Fifth and finally, the motion to vacate states, "Defendants herein cannot engage in any type of negotiation or settlement at this point and will not deviate from that position." Of course, no Defendant has any obligation to settle. However, not settling means immediately proceeding to trial. If Defendants refuse to participate in trial, the Court will entertain striking their answers as a sanction and allowing Plaintiff to proceed to default.

- 5 -

Because the motion to vacate appears to be premised on a mistaken assumption that Defendants Barcklay, Jordan, Ngueha, and Smalley are currently operating with a de facto stay of some sort that allows them to refuse to proceed forward in this case, the motion will be denied. Such denial is without prejudice to Defendants renewing the motion before the Magistrate Judge if they can show futility or the need for an extension of time for a reason other than awaiting Corizon's participation. The resolution of the settlement conference (by vacatur or by having the conference) will trigger setting a trial date as soon as one is available on the Court's calendar. To be clear, settlement or trial are the only options. As this Court has said repeatedly, this Court will not stay this case as to Defendants Barcklay, Jordan, Ngueha, and Smalley.

Based on the foregoing,

**IT IS ORDERED** that the motion to vacate the settlement conference (Doc. 128) is denied.

Dated this 24th day of August, 2023.

James A. Teilborg
Senior United States District Judge