**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Franklin Reid,<br><br>  Plaintiff,<br><br>v.<br><br>Karen Barcklay, Carrie Smalley, Corizon LLC, Elijah Jordan, and Clarisse Ngueha-Nana,<br><br>  Defendants. | No. CV-20-01893-PHX-JAT<br><br>**ORDER** |

In this Court's order at Doc. 129, the Court recounted in great detail the status of this case (and defense counsel's[1] actions in the case) since Defendant Corizon declared bankruptcy. As that Order details, defense counsel has been pursuing various courses of conduct to attempt to have this case stayed as to the non-debtor defendants, including courses that are legally foreclosed. However, for reasons unknown to the Court, defense counsel has never pursued the legally permissible course to obtain this relief: namely moving the bankruptcy court to extend the stay to the non-debtor defendants.[2]

This Court has repeatedly denied defense counsel's requests that *this* Court extend the bankruptcy stay to the non-debtor defendants (*see* Doc. 129). Ultimately, this Court

---

[1] As of today, defense counsel is counsel for all 5 remaining Defendants named in the caption: four individuals and one entity.

[2] It is possible that such a motion was made to the bankruptcy court, but defense counsel never advised this Court of the motion or its results. If that is true, the Court finds that under the duty of candor to the Court, defense counsel must advise this Court of that motion and the bankruptcy's court's ruling within 5 days of this Order.

referred this case to a Magistrate Judge for a settlement conference. (*Id.*).

The Court is not privy to what transpired at the settlement conference, but has determined from a minute entry that the Magistrate Judge concluded that: "A conflict has arisen for defense counsel in the case necessitating their withdrawal as counsel for the named defendants." (Doc. 130). The settlement conference was adjourned without a settlement being reached.

Over two weeks later, defense counsel Anthony J. Fernandez and Sydney D. Goodhand moved to withdraw as counsel for only the four individual defendants. (Doc. 132). Thus, presumably Anthony J. Fernandez and Sydney D. Goodhand believe they can continue to represent Corizon. The Arizona State Bar's website's Best Practices regarding when a conflict arises during a representation state: "If the conflict is waivable under ER 1.7, you should immediately seek the informed consent of the client or clients (*see* above for the process of gaining informed consent). If the conflict is not waivable, you should move to withdraw or terminate the representation, providing the file and, if possible, helping the clients find another attorney." https://www.azbar.org/for-lawyers/ethics/best-practices/ers-1-7-1-10-conflicts-of-interest-and-screening-tips/ (last visited October 12, 2023). This guidance seriously calls into question whether, when a conflict arises among clients, the lawyer can choose to keep a conflicted client, while abandoning the others. Nonetheless, this is a disciplinary matter for the State Bar's consideration, not this Court.

Turning to the motion to withdraw itself, it fails to comply with Local Rule Civil 83.3. It contains neither the consent of the clients, nor was it served on the clients. Accordingly, it will be denied for that reason alone. Moreover, it does not show a basis to withdraw. It merely states, "Withdrawal of Quintairos, Prieto, Wood & Boyer, P.A. is warranted because an irreconcilable conflict has arisen between undersigned counsel's representation of Defendant Corizon Health, Inc. and Defendants Elijah Jordan, MD, Karen Barcklay, MD, Carrie Smalley, NP, and Clarisse Ngueha, NP." (Doc. 132). It fails to inform the Court what the conflict is, how it only arose in September of 2023 when this case has been pending since September 2020 and Corizon declared bankruptcy in February

2023. It fails to explain why the conflict does not necessitate withdrawal from representation of Corizon. It fails to explain how the conflict applies to this case only and not all cases in which counsel Anthony J. Fernandez and Sydney D. Goodhand represent both Corizon and other individual defendants. Finally, it fails to advise the Court why the conflict is not waivable, and/or if counsel attempted to seek a waiver of the conflict from the clients. The Court will require all such information to ensure this is not a further delay tactic by defense counsel.

On that front, one of the individual defendants, Carrie Smalley, apparently believing she is now pro se, has filed a motion to continue this case until she can locate other counsel. That request will be denied. Ms. Smalley is advised that: 1) she is, as of today, still represented by Anthony J. Fernandez and Sydney D. Goodhand; 2) to the extent she filed her motion on behalf of "defendants" she cannot represent other Defendants in this matter if she is not an attorney; 3) if/when Anthony J. Fernandez and Sydney D. Goodhand re-file their motion to withdraw, she may oppose the motion within 14 days if she so chooses. Assuming another motion to withdraw is filed, and ultimately granted, Ms. Smalley may then make any pro se motions she chooses to make.

Based on the foregoing,

**IT IS ORDERED** that the motion to withdraw (Doc. 132) is denied without prejudice. If no renewed motion to withdraw is filed by October 27, 2023, the Court expects counsel for all Defendants to participate in the settlement conference without seeking any further continuances.

**IT IS FURTHER ORDERED** that the motion to continue (Doc. 136) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order (and the Order at Doc. 129) to Carrie Smalley at the address listed in Doc. 136.

/ / /

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that Anthony J. Fernandez and Sydney D. Goodhand must send a copy of this Order and the Order at Doc. 129 to Corizon's bankruptcy counsel within 5 days and file a certificate indicating how, when and to whom it was sent.

Dated this 13th day of October, 2023.

James A. Teilborg
Senior United States District Judge