WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Franklin Reid, | No. CV-20-01893-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon, Karen Barcklay, Clarisse Nguella NaNa, and Carrie Smalley, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Extend Expert Discovery Deadline. (Doc. 162). Defendants have responded, (Doc. 165), and Plaintiff has replied, (Doc. 166). The Court now rules.

**I.    BACKGROUND**

In his Motion, Plaintiff wishes to extend the expert witness disclosure deadline. The Court ordered expedited briefing on this motion because trial is set for this matter in one month. (*See* Doc. 164). Specifically, the Court ordered both parties to explain what Plaintiff meant by "disclosure was not provided to undersigned counsel until January 31, 2024." (Doc. 164 at 1).

The Court entered a Scheduling Order on January 26, 2022, stating that Plaintiff must disclose all expert witnesses and their reports by April 11, 2022. (*See* Doc. 53). The discovery deadline expired nearly eighteen months ago. According to Defendants, discovery including Plaintiff's medical records was given to Plaintiff on April 11, 2022, and May 2, 2022. (Doc. 165 at 2). Plaintiff's counsel assumed representation of Plaintiff

and filed a Notice of Appearance on October 30, 2023. (*See* Doc. 142). Plaintiff's counsel claims there was "no file inherited from a prior attorney" and so the medical records available for review on October 30, 2023, "were but a small portion of the 3,025 pages defense designated and attached as trial exhibits" on January 31, 2024. (Doc. 166 at 1). Plaintiff claimed in his first motion that "disclosure" was not provided until January 31, 2024, but this seems to only be a reference to Defendants sending trial exhibits to Plaintiff on that date. Plaintiff does not assert that Defendants "[did] anything wrong" in their compliance with discovery.

## II.     DISCUSSION

By requesting to extend the expert discovery deadline, Plaintiff is necessarily asking the Court to modify its January 26, 2022, Scheduling Order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)(4) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). The focus of the inquiry is on the moving party's reasons for the extension. *Id.*

Here, Plaintiff's counsel entered an initial appearance on October 30, 2023. Plaintiff's counsel claims he "reviewed the entire case docket, and various medical records submitted to counsel by Plaintiff's friend, which substantiate Plaintiff's plausible claims for relief." (Doc. 166 at 1). However, despite there being "no file inherited from a prior attorney," Plaintiff's counsel did not reach out to opposing counsel to determine if he had all the discovery that had been disclosed in the case. The Court understands that reviewing three thousand pages of discovery is a daunting and long-winded task, but that is precisely why counsel for Plaintiff should have requested all discovery in the case at the beginning of his representation. Waiting three months until an unprompted receipt of documents from opposing counsel to begin review of medical records does not constitute diligence for the

1  purposes of Rule 16(b)(4). *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible
2  with a finding of diligence and offers no reason for a grant of relief."). Thus, Plaintiff has
3  failed to show good cause to extend the expert disclosure deadline.

    Accordingly,

    **IT IS ORDERED** Plaintiff's Motion to Extend Expert Discovery Deadline, (Doc. 162), is **DENIED**.

    Dated this 19th day of March, 2024.

_____
James A. Teilborg
Senior United States District Judge