**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Franklin Reid,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Karen Barcklay, Carrie Smalley, Elijah Jordan, and Clarisse Ngueha-Nana,<br><br>　　　　　Defendants. | No. CV-20-01893-PHX-JAT<br><br>**ORDER** |

    Pending before the Court is Defendants' Motion for Relief as a Result of the Late Trial Continuance. (Doc. 177). Plaintiff has responded (Doc. 178), and Defendants have replied. (Doc. 180). The Court now rules.

**I.　　BACKGROUND**

    To briefly summarize, in this case, Plaintiff Shawn Franklin Reid filed a civil rights complaint against Defendants regarding his medical care. (Doc. 1). The jury trial was scheduled for April 12, 2024. (Doc. 152). During a Final Pretrial Conference held on April 3, 2024, nine days before the scheduled trial date, Plaintiff's counsel made an oral Motion to Continue the Jury Trial, citing serious injuries, which Plaintiff's counsel suffered in a motor vehicle accident. (Doc. 170; Doc. 171; Doc. 178 at 1). On April 5, 2024, following a Telephone Conference discussing the matter, the Court granted Plaintiff's counsel's Motion to Continue Jury Trial, finding good cause. (Doc. 173; Doc. 176). The Court granted Plaintiff's counsel's Motion and also granted Defendant's request to move for sanctions, further ordering that Defendants had twenty-one days to move for the sanction

of wages that Defendant Ngueha-Nana lost due to the trial continuance. (Doc. 176). Pursuant to the Court's Order, Defendants submitted a "Motion for Relief," requesting that Plaintiff's counsel compensate Ms. Ngueha-Nana $1,608.00 for lost wages incurred because of the "late trial continuance." (Doc. 177 at 1, 3).

## II.   LEGAL STANDARDS

Beyond citing "the principles of fairness and justice" (Doc. 177 at 3), Defendants do not specify the specific grounds by which they believe Defendant Ngueha-Nana is entitled to compensation of lost wages. Nonetheless, the Court identifies two primary sources under which it is authorized to order monetary sanctions: (1) 28 U.S.C. § 1927, and (2) the Court's inherent authority.[1] *See Lazar v. Charles Schwab & Co. Inc., et al.*, No. CV-14-01511-PHX-DLR, 2015 WL 12602432, at *2–5 (D. Ariz. June 19, 2015) (citing *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)).

Under 28 U.S.C. § 1927, attorneys who engage in unreasonable or vexatious conduct that serves to multiply court proceedings may be assessed the excess costs, expenses, and fees that are thereby incurred. *See United States v. Assoc'd. Convalescent Enters., Inc.*, 766 F.2d 1342, 1347–48 (9th Cir. 1985). Section 1927 sanctions "must be supported by a finding of subjective bad faith." *Cameron v. Avalon Mobility Inc.*, No. CV-15-00963-PHX-JAT, 2018 WL 704326 at *4 (D. Ariz. Feb. 5, 2018) (quoting *New Alaska Def. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). Bad faith occurs when "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purposes of harassing an opponent." *Id.* (quoting *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)). Thus, to impose § 1927 sanctions, at minimum, an attorney must engage in reckless conduct. *Myers v. Freescale Semiconductor Inc.*, No. CV-19-05243-PHX-MTL, 2020 WL 4530468, at *2 (D. Ariz. Aug. 2020) (citing *Fink*, 239 F.3d at 993 (9th Cir. 2001) ("recklessness suffices for § 1927"); *Zambrano v.*

---

[1] Federal Rule of Civil Procedure 11 also governs court-imposed monetary sanctions. Fed. R. Civ. P. Rule 11(c)(2). However, Rule 11 does not apply here because Plaintiff's Motion to Continue Trial arose during an oral presentation to the Court (Doc. 176), and Rule 11 applies only to assertions contained in papers signed and filed with the Court. Fed. R. Civ. P. Rule 11(b)(2).

*City of Tustin,* 885 F.2d 1473, 1485 (9th Cir. 1989) (indicating negligence alone is not enough to levy sanctions)).

District courts also maintain an inherent power to "impose [monetary] sanctions." *Id.* (quoting *Zambrano*, 885 F.2d at 1485). A court may invoke its inherent authority to assess monetary sanctions when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 765–66 (1980) (citation omitted)). Sanctionable conduct under this authority includes that "which abuses the judicial process." *Overstreet v. Starbucks Corp.*, No. CV-22-00676-PHX-JJT, 2023 WL 1069695, at *2. (D. Ariz. Jan. 27, 2023) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). However, as opposed to sanctions imposed under 28 U.S.C. § 1927, sanctions imposed under the Court's inherent authority require more than recklessness alone. *Myers*, 2020 WL 4530468, at *2 (citing *Fink*, 239 F.3d at 993–94). A court may only exercise its inherent power to sanction with a showing of recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* (quoting *Fink*, 239 F.3d at 994).

The Court has substantial discretion to determine whether and in what amount to award sanctions under § 1927 or its inherent power. *Id.* (citing *Haynes v. City and County of San Francisco*, 688 F.3d 984, 987–88 (9th Cir. 2012)). The purpose of a sanctions award "may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Id.* The award is intended to cover excess costs incurred due to unreasonable conduct. *Id.* (citing *Associated Convalescent Enters., Inc.*, 766 F.2d at 1347–48).

**III. ANALYSIS**

In their Motion, Defendants state that Ms. Ngueha-Nana had taken time off work to attend each day of the jury trial originally scheduled for April 12, 2024. (Doc. 177 at 1). However, Ms. Ngueha-Nana's employer makes its work schedule a month in advance. (*Id.* at 2). Thus, Defendants indicate that "as a direct result of the late continuance at the request of Plaintiff's counsel," Ms. Ngueha-Nana missed two full shifts because due to the short

notice, the employer was not able to place Ms. Ngueha-Nana back on its schedule for April 12 or April 15, 2024. (*Id.* at 1, 3). Per Defendants, this resulted in Ms. Ngueha-Nana losing two 12-hour shifts, at a rate of $67 per hour, for a total of §1,608.00 of lost wages. (*Id.* at 2).

As such, Defendants argue, because Defendants were "blindsided" by the "last minute change," Defendant Ngueha-Nana was "significantly disadvantaged." (Doc. 177 at 3). In effect, Defendants assert that the compensation of lost wages would help mitigate the "financial hardships imposed on [Ms. Ngueha-Nana]" resulting from the continuance and serve to "uphold the principles of fairness and justice." (*Id.*)

In response, Plaintiff's counsel argues that Defendants cite no legal authority by which a third-party is entitled to recover lost wages resulting from a trial postponement and that "such postponements are a regular part of the judicial process." (Doc. 178 at 1, 2, 3). Furthermore, Plaintiff's counsel asserts that the need for continuance occurred because of "circumstances outside [his] control." (*Id.* at 1). Plaintiff's counsel states that he had been receiving physical therapy for his injuries, which he had expected would improve his "symptoms [sufficiently] to allow the matter to proceed," but the "decision to advise the [Court and the] necessity of postponement [due to ongoing cervical and lumbar injuries supporting the likelihood of surgical intervention] was not realized until shortly before the pretrial [conference]." (*Id.* at 2). Moreover, Plaintiff's counsel avers that his motion to continue the trial did not occur for the purpose of undue delay and was done in good faith, without improper motive. (*Id.* at 1).

Here, while Defendants assert that they were "blindsided" by Plaintiff's counsel's "late" request to move the trial date (Doc. 177 at 3), they make no argument that Plaintiff's counsel's conduct was reckless. (*See generally id.*; Doc 180). Neither do Defendants claim that Plaintiff's counsel engaged in conduct that was frivolous or intended as a means of harassment, to abuse the judicial process, or for another improper purpose. (*Id.*) Instead, Defendants argue that the Court should impose sanctions because it would "uphold the principles of fairness and justice." (Doc. 177 at 3). Defendants provide no caselaw, statute,

or other legal foundation in support of this argument. (*See generally id.*; Doc 180). Accordingly, the Court concludes that Defendants have not sufficiently alleged evidence of recklessness or conduct rising to the level of bad faith to provide a basis on which the Court may impose monetary sanctions, nor have they provided any other legal basis upon which the Court may do so. *See Zambrano*, 885 F.2d at 1485 (indicating mere negligence is not enough to levy § 1987 sanctions); *Roadway Exp., Inc.*, 447 U.S. at 766 (stating a court's inherent authority to invoke sanctions triggers when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

The Court recognizes that the timing of Plaintiff's counsel's request to continue the trial likely did indeed place Defendant Ngueha-Nana at a financial "disadvantage," as Defendants claim. (Doc. 177 at 3). However, despite this, there is insufficient evidence to suggest that Plaintiff's counsel, by moving to continue trial, acted recklessly by unreasonably multiplying these proceedings. (*See* Doc. 176) (documenting that the Court found good cause to grant counsel's Motion to Continue Jury Trial). Additionally, given Plaintiff's counsel's reported health issues, it does not appear that Plaintiff's counsel requested to continue the trial in effort to "abuse the judicial process." *Overstreet*, 2023 WL 1069695, at *2. Finding neither recklessness nor conduct tantamount to bad faith on the part of Plaintiff's counsel, this Court lacks the statutory or inherent authority required to impose the monetary sanctions Defendants seek.

For the reasons set forth above,

**IT IS ORDERED** that Defendants' Motion for Relief as a Result of the Late Trial Continuance (Doc. 177) is **DENIED**.

Dated this 10th day of October, 2024.

James A. Teilborg
Senior United States District Judge